**Rule 1915.1. Scope.  Definitions.**

\* \* \*

(b)      As used in this chapter, unless the context of a rule indicates otherwise, **the following terms shall have the following meanings:**

''action**['' means],''** all proceedings for legal and physical custody and proceedings for modification of prior orders of any court;

**"child," an unemancipated individual under 18 years of age;**

**"conference officer," an individual who presides over an office conference pursuant to Pa.R.C.P. No. 1915.4-2(a) or the initial non-record proceeding under Pa.R.C.P. No. 1915.4-3(a).  For purposes of these rules, a conciliator is synonymous with a conference officer;**

''custody**['' means],''** the legal right to keep, control, guard, care for**,** and preserve a child and includes the terms ''legal custody,'' ''physical custody,'' and ''shared custody;''

**"hearing officer," a lawyer who conducts a record hearing on partial custody cases pursuant to Pa.R.C.P. No. 1915.4-2(b);**

''home county**['' means],''** the county in which the child **[immediately preceding the time involved]** lived with **[the child's] either or both** parents, **[a parent, or]** a person acting as **a** parent, or in an institution**[,]** for at least six consecutive months **immediately preceding the filing of the action**, and in the case of a child less than six months old, the county in which the child lived from birth with any of the persons mentioned.  A period of temporary absence of the child from the physical custody of the parent, institution, or person acting as parent shall not affect the six-month or other period;

**"*in loco parentis*," a person who puts himself or herself in the situation of a lawful parent by assuming the obligations incident to the parental relationship without going through the formality of a legal adoption.  The status of *in loco parentis* embodies two ideas: (1) the assumption of a parental status; and (2) the discharge of parental duties;**

**Note:  See *A.S. v. I.S.*, 130 A.3d 763, 766 n.3 (Pa. 2015).**

''legal custody**['' means],''** the right to make major decisions on behalf of the child, including, but not limited to, medical, religious**,** and educational decisions;

1

**"mediator,"** an individual qualified under Pa.R.C.P. No. 1940.4 and who assists custody litigants independently from the procedures set forth in Pa.R.C.P. Nos. 1915.1 - 1915.25 by engaging the litigants in the alternative dispute principles in Pa.R.C.P. No. 1940.2 to resolve custody matters in whole or in part;

**"mediation,"** the confidential process by which a neutral mediator assists the parties in attempting to reach a mutually acceptable agreement on issues arising in a custody action.  Mediation is not a court proceeding; rather, it is an independent, non-record proceeding in lieu of court involvement for the purpose of assisting the parties to address the child's best interest.  An agreement reached by the parties must be based on the voluntary decisions of the parties and not the decision of the mediator. The agreement may resolve all or only some of the disputed issues.  The parties are required to mediate in good faith, but are not compelled to reach an agreement.  While mediation is an alternative means of conflict resolution, it is not a substitute for the benefit of legal advice.  The participants in mediation shall be limited to the parties to the custody action, primarily the child's parents and persons acting as parents.  Except as provided in Pa.R.C.P. No. 1940.5(c), non-parties, including children, grandparents, and the parties' attorneys, shall not participate in the mediation.**

**"non-record proceeding,"** the initial office conference set forth in Pa.R.C.P. No. 1915.4-3.  Mediation, as outlined in Pa.R.C.P. No. 1940.1 - 1940.9, shall not be construed as a non-record proceeding;**

"partial physical custody**[" means],"** the right to assume physical custody of the child for less than a majority of the time;

"person acting as **a** parent**[" means],"** a person other than a parent, including an institution, who has physical custody of a child and who has either been awarded custody by a court or claims a right to custody.  ***See also* the definition of *in loco parentis***;

"physical custody**[" means],"** the actual physical possession and control of a child;

"primary physical custody**[" means],"** the right to assume physical custody of the child for the majority of time;

"relocation**[" means],"** a change in a residence of the child **[which]that** significantly impairs the ability of a non-relocating party to exercise custodial rights;

2

"shared legal custody**[" means],"** the right of more than one individual to legal custody of the child;

"shared physical custody**[" means],"** the right of more than one individual to assume physical custody of the child, each having significant periods of physical custodial time with the child;

"sole legal custody**[" means],"** the right of one individual to exclusive legal custody of the child;

"sole physical custody**[" means],"** the right of one individual to exclusive physical custody of the child; and

"supervised physical custody**[" means],"** custodial time during which an agency or an adult designated by the court or agreed upon by the parties monitors the interaction between the child and the individual with those rights.

*Note:* The term "supervised visitation" in the prior statute has been replaced by the term "supervised physical custody."

*Note:* The definitions of the terms of the various forms of legal custody and physical custody are taken from 23 Pa.C.S. § 5322(a).

For additional definitions, see the Uniform Child Custody Jurisdiction and Enforcement Act, 23 Pa.C.S. § 5402.

**[Explanatory Comment—2008**

**The Uniform Child Custody Jurisdiction Act, formerly at subchapter B of Chapter 53 of the Domestic Relations Code, was repealed by Act 2004-39 and replaced by the Uniform Child Custody Jurisdiction and Enforcement Act at Chapter 54 of the Domestic Relations Code. Amendments throughout the rules governing procedures in child custody matters were necessary to make the rules consistent with the Uniform Child Custody Jurisdiction and Enforcement Act and to update the citations to the statutory provisions.]**

**Rule 1915.4-3. Non-Record Proceedings. Trials.**

(a) *Non-Record Proceedings.* In **[those jurisdictions that utilize]**<u>judicial districts utilizing</u> an initial non-record proceeding **[such as a conciliation conference**

or**], *i.e.,*** office conference, if **[no agreement is reached at]an agreement is not finalized by** the conclusion of the proceeding, the conference officer**[ or conciliator]** shall promptly notify the court that the matter should be listed for trial.  **[Any]A** lawyer employed by, or under contract with, a judicial district or appointed by the court to serve as a **[conciliator or mediator or] conference officer** to preside over a non-record proceeding shall not practice family law before a conference officer, hearing officer, permanent or standing master, or judge of the same judicial district.

   (b)   *Trial*.  The trial before the court shall be **[de novo]*de novo***.  The court shall hear the case and render a decision within the time periods set forth in **[Rule]Pa.R.C.P. No.** 1915.4.

**Explanatory Comment - 2018**

The amendment to this rule, in conjunction with the amendment to Pa.R.C.P. No. 1915.1, standardizes terminology used in the custody process and identifies court personnel by title and in some cases qualifications. Of note, the term "mediator," which had been included in the rule, has been omitted and is specifically defined in Pa.R.C.P. No. 1915.1.

As in the support rules, custody conference officers preside over conferences and hearing officers preside over hearings. Regardless of the individual's title, presiding over a conference or a hearing triggers the family law attorney practice preclusion in this rule and in Pa.R.C.P. No. 1915.4-2(b) in the case of a hearing officer. Mediators, as defined in Pa.R.C.P. No. 1915.1 and as qualified in Pa.R.C.P. No. 1940.4, do not preside over custody conferences or hearings; rather, mediators engage custody litigants in alternative dispute resolution methods pursuant to Chapter 1940 of the Rules of Civil Procedure and, as such, the preclusion from practicing family law in the same judicial district in which an attorney/mediator is appointed is inapplicable.

**Rule 1940.2. Definitions.**

As used in this Chapter, the following terms shall have the following meanings:

''Mediation**,**'' **[is]** the confidential process by which a neutral mediator assists the parties in attempting to reach a mutually acceptable agreement on issues arising in a custody action. **[The role of the mediator is to assist the parties in identifying the issues, reducing misunderstanding, clarifying priorities, exploring areas of compromise and finding points of agreement.]Mediation is not a court proceeding; rather, it is an independent, non-record proceeding in lieu of court involvement for the purpose of assisting the parties to address the child's best interest.** An agreement reached by the parties must be based on the voluntary decisions of the parties and not the decision of the mediator. The agreement may resolve all or only some of the disputed issues. **[Parties]The parties** are required to mediate in good faith**[,]** but are not compelled to reach an agreement. While mediation is an alternative means of conflict resolution, it is not a substitute for the benefit of legal advice. **The participants in mediation shall be limited to the parties to the custody action, primarily the child's parents and persons acting as parents. Except as provided in Pa.R.C.P. No. 1940.5(c), non-parties, including children, grandparents, and the parties' attorneys, shall not participate in the mediation.**

*Note: See* **Pa.R.C.P. No. 1915.1 for the definition of a person acting as a parent.**

''Memorandum of Understanding**,**'' **[is]** the written document prepared by a mediator **[which]that** contains and summarizes the resolution reached by the parties during mediation. A Memorandum of Understanding is primarily for the benefit of the parties and is not legally binding on either party.

''Orientation Session**,**'' **[is]** the initial process of educating the parties on the mediation process so that they can make an informed choice about continued participation in mediation. This process may be mandated by the court and may be structured to include either group or individual sessions. An orientation session may also include an educational program for parents and children on the process of divorce and separation and the benefits of mediation in resolving custody disputes.

\* \* \*

**Rule 1940.5. Duties of the Mediator. Role of the Mediator.**

(a) As part of the orientation session, the mediator must inform the parties in writing of the following:

6

(1)    the costs of mediation;

*Note*: **[Rule]Pa.R.C.P. No.** 240 sets forth the procedures for obtaining leave to proceed **[in forma pauperis]***in forma pauperis* when the parties do not have the financial resources to pay the costs of litigation. This rule applies to court-connected mediation services as well, so that parties without sufficient resources may file a petition seeking a waiver or reduction of the costs of mediation.

(2)    the process of mediation;

(3)    that the mediator does not represent either or both of the parties;

(4)    the nature and extent of any relationships with the parties and any personal, financial, or other interests that could result in a bias or conflict of interest;

(5)    that mediation is not a substitute for the benefit of independent legal advice; and

(6)    that the parties should obtain legal assistance for drafting any agreement or for reviewing any agreement drafted by the other party.

(b)    When mediating a custody dispute, the mediator shall ensure that the parties consider fully the best interests of the child or children.

(c)    With the consent of the parties, the mediator may meet with the parties' children or invite other persons to participate in the mediation.

**(d)    The role of the mediator is to assist the parties in identifying the issues, reducing misunderstandings, clarifying priorities, exploring areas of compromise, and finding points of agreement.**

\* \* \*